UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRAUSZ INDUSTRIES, LTD, | No. C10-1204RSL |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT ROMAC INDUSTRIES, INC.'S MOTION FOR FEES |
| ROMAC INDUSTRIES, INC., et al., | |
| Defendants. | |

This matter comes before the Court on Defendant Romac Industries, Inc.'s Motion for Fees Pursuant to Fed. R. Civ. P. 37(b)(2)(C).[1]  Dkt. #95.  Having reviewed the memoranda, exhibits, and the record herein, the Court GRANTS Romac's motion for the reasons stated below.[2]

On January 18, 2011, the Court granted Romac's motion to compel production of documents.  Dkt. #86.  In response to the Court's Order, plaintiff Krausz Industries, LTD produced approximately 1,100 pages.  Dkt. #89 ¶4.  Romac believed that the production was deficient because, among other reasons, only 35 e-mails were produced and certain documents

---

[1]The Court DENIES plaintiff's motion for leave to file a supplemental response.  Dkt. #104. Whether Romac delayed and provided an incomplete production has no bearing on whether plaintiff violated a Court Order.

[2]This matter may be decided on the papers submitted.  Plaintiff's request for oral argument is therefore DENIED.

ORDER GRANTING DEFENDANT'S MOTION FOR FEES - 1

that are routinely produced by plaintiffs in patent cases were absent.  Id.  On February 15, 2011, Romac moved to compel a 30(b)(6) deposition regarding the allegedly deficient production.  Dkt. #88.  In opposing the motion to compel, plaintiff represented that it had produced all relevant, responsive documents.  See dkt. #88 at 5, 6, 9.  On March 2, 2011, the Court granted the motion, finding that Romac was entitled to take the deposition of a party pursuant to Rule 30(b)(6) in this district, but that Romac may take the deposition in Tel Aviv to the extent it complies with Fed. R. Civ. P. 28 and 30.  Dkt. #92.

Plaintiff's 30(b)(6) witness was only made available in Tel Aviv, Israel at 9 a.m. (11 p.m. PST) on March 9 or 10.  Dkt. #100-1 (Keyes Decl.), Ex. A.  On March 9, 2011, the 30(b)(6) deposition took place through video-conference.[3]  Following the deposition, plaintiff produced 2,400 responsive documents that had not previously been produced.[4]  Dkt. #100 (Keyes Decl.) ¶6.

Fed. R. Civ. P. 37(b)(2) allows a court to order discovery sanctions against a party for failure to obey an order to provide discovery.  "[T]he court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(b)(2)(C).

When the Court granted Romac's motion to compel production of documents, plaintiff was obligated to diligently search and produce all responsive, non-privileged documents. While Mr. Krausz testified as to the general nature of the document searches plaintiff conducted, plaintiff has not provided any information showing how 2,400 responsive

---

[3]Plaintiff argues that the deposition did not comply with Fed. R. Civ. P. 28 and 30 because the court reporter who transcribed, certified and provided the transcript was in Seattle and was not the same person who administered the oath in Tel Aviv.  Plaintiff also argues that the individual who administered the oath in Tel Aviv was not authorized to do so.  The Court need not resolve whether the deposition complied with Rules 28 and 30 to determine whether Rule 37(b)(2)(C) sanctions are warranted.

[4]Plaintiff claims that of the 4,600 total amount of documents produced, many were duplicative or non-responsive.  After reviewing the documents, plaintiff claims that 2,400 documents were new and responsive.  Dkt. #100 (Keyes Decl) ¶6.

ORDER GRANTING DEFENDANT'S MOTION FOR FEES - 2

documents were, at best, overlooked.  Plaintiff has failed to demonstrate that its failure to produce the 2,400 responsive documents was substantially justified or that other circumstances make an award of expenses unjust.

For all the foregoing reasons, the Court GRANTS Romac's motion for fees.  However, while Romac has presented a chart setting forth the expenses associated with the deposition and this motion, it has not provided any billing records or invoices supporting their request for $18,686.15.  Accordingly, Romac is ORDERED to provide the Court with billing records and invoices supporting their request for the fee award by June 2, 2011.  Plaintiff may respond, in not more than five pages, by June 7, 2011.  The Court will address the appropriateness of the fee request once billing records and invoices are provided to the Court.


DATED this 27th day of May, 2011.


MWS Lasnik
Robert S. Lasnik
United States District Judge


ORDER GRANTING DEFENDANT'S MOTION FOR FEES - 3